(No. 4439-

GERTRUDE HABEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Gertrude Habel, seeks to recover from respondent under the Workmen's Compensation Act for injuries to her right arm that resulted from an

accident, which arose out of and in the course of her employment as an attendant at the Chicago State Hospital, operated by the Department of Public Welfare.

Just before midnight on December 9, 1950, claimant, who had just come on duty, was crossing the porch of the ward in which she was assigned to work. She slipped, fell, and struck her right side, especially her right elbow, causing a dislocated chipped fracture in the elbow joint.

No jurisdictional questions are involved, and respondent has furnished all hospital and medical treatment required to cure and relieve claimant of the effects of her accident.

The injuries to her right arm are now concededly permanent, and the only question before us is the determination of the percentage of loss of use of her right arm claimant has sustained.

The doctor, who examined claimant for respondent, and claimant's doctor, who testified, are in virtual agreement as to limitation of flexion and extension of her right arm, and pronation and supination of her forearm and wrist, the variations in their findings being only 5%. We are prone to follow the findings of claimant's doctor in this regard, since he examined her both prior and subsequent to the last examination by respondent's doctor. At the time of this last examination, he found her limitations to be somewhat more severe than at his first examination.

Claimant has a 30 and 25% loss of flexion and extension, respectively, in her right arm. Pronation and supination show a 25% loss. Abduction in the shoulder is lessened about 30%.

In addition, there was some atrophy of the right shoulder muscles, and a marked enlargement of the

right elbow area. Bony changes in the olecranon process, and the fossae, which fit over the end of the humerus and the ulna, were noted. In addition, there was some osteosclerosis in the lower ends of the radius and the ulna, and one bone fragment was floating in the elbow region, never having attached to any bone since it was chipped off. Crepitation, rigidity, and spasticity of arm muscles were noted on manipulation, indicating traumatic arthritis.

The fall, claimant sustained, affected her wrist, forearm, elbow, and shoulder, and her arm will be carried in fixed flexion in the future. The joint space in her elbow is also permanently roughened. Any surgical attempt to improve claimant's right arm was deemed inadvisable.

From the foregoing, we conclude that claimant has sustained a $66\frac{2}{3}\%$ loss of use of her right arm, and is entitled to an award under Section 8 (e) (13) of the Workmen's Compensation Act.

On the date of her accident, claimant was 41 years of age, married, but had no children under 16 years of age dependent upon her for support. Her earnings in the year prior to her accident amounted to $2,316.00, and her rate of compensation is, therefore, $22.50 per week.

Claimant was temporarily and totally disabled from the date of her accident on December 9, 1950 through June 6, 1951. She returned to work on June 7, 1951. During the period of total temporary disability she was paid the sum of $645.45 as compensation, when she should have been paid only $575.36, leaving an overpayment of $70.09, which must be deducted from her award.

William J. Cleary & Co., Chicago, Illinois, was

employed to take and transcribe the testimony at the hearing before Commissioner Anderson. Charges in the amount of $48.40 were incurred, which are reasonable and customary. An award is entered in favor of William J. Cleary & Co. in the sum of $48.40.

An award is entered in favor of claimant, Gertrude Habel, under Section 8 (e) (13) of the Workmen's Compensation Act for a 66⅔% loss of use of her right arm, or 150 weeks at $22.50 per week, or the sum of $3,375.00 less overpayment above referred to of $70.09, leaving a net award of $3,304.91, payable as follows:

$ 385.71, less overpayment of $70.09, or the sum of $315.62, which has accrued, and is payable forthwith;

$2,989.29, payable in weekly installments of $22.50 per week commencing on October 12, 1951 for a period of 132 weeks, plus one final payment of $19.29.

This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.